UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   CV 24-10959-VBF (SK)                               Date: February 19, 2025

Title   Michellei Cephus v. Judicial Council of California, et al.

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:            Attorneys Present for Defendants:
None present                                          None present

**Proceedings:**       (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Proceeding in forma pauperis, plaintiff seeks to pursue a federal suit under 42 U.S.C. § 1983 based on purported procedural errors that occurred during state court custody proceedings involving her minor child.  (ECF 1 at 5–18).  But a complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915 is still subject to dismissal if the complaint "fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).  Plaintiff's complaint cannot survive under those pleading standards.

For starters, plaintiff cannot recover monetary damages from the Judicial Council of California (JCC) and the Superior Court of Los Angeles County (LASC) because these named defendants enjoy Eleventh Amendment immunity as arms of the state.  *See Simmons v. Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100, 106 (1984); *Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989); *see also Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (California has not waived Eleventh Amendment immunity for claims under § 1983).

Similarly, state superior court judges (like all judges) are immune from damages actions for "acts performed in their official capacities" as judicial officers.  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Mireles v. Waco,* 502 U.S. 9, 11 (1991) (per curiam).  Here, the allegations against the superior court judges all relate to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV 24-10959-VBF (SK) | Date: February 19, 2025 |
| Title | Michellei Cephus v. Judicial Council of California, et al. | |

conduct they allegedly undertook as judicial officers while presiding over custody proceedings for plaintiff's minor child.  Thus, the claims arise out of the exercise of the judges' judicial functions and are barred by judicial immunity.

In addition, private individuals, lawyers, and law firms cannot be sued under § 1983 because they are not officials acting "under color of state law."  42 U.S.C. § 1983; *see Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *see, e.g.*, *Simmons*, 318 F.3d at 1161 ("Plaintiff cannot sue Mirante's counsel under § 1983, because he is a lawyer in private practice who was not acting under color of state law.").  Although a private individual could be sued under § 1983 if they conspire with state actors like judges, "merely resorting to the courts and being on the winning side of a lawsuit does not make a [private] party a joint actor with the judge."  *Dennis v. Sparks*, 449 U.S. 24, 27–29 (1980).

Lastly, complaints may not name an unlimited number of "unknown" defendants.  *See Keavney v. Cty. of San Diego*, 2020 WL 4192286, at *4 (S.D. Cal. July 21, 2020) (plaintiff "may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights"); *see also Kakowski v. Cty. of Sacramento*, 2018 WL 805660, at *3 (E.D. Cal. Feb. 9, 2018) (disapproving of "shotgun" or "kitchen-sink" complaints "in which a plaintiff brings every conceivable claim against every conceivable defendant").  And even when "Doe" defendants are properly named, the court's local rules permit the naming of no more than ten such parties.  *See* L.R. 19-1.

For all these reasons, plaintiff is **ORDERED TO SHOW CAUSE** in writing on or before **March 19, 2025**, why this action should not be summarily dismissed.  Plaintiff may satisfy this order by voluntarily dismissing this action without prejudice using the attached form CV-09x.  But if plaintiff files no timely notice of voluntary dismissal, an amended complaint curing—if possible—the identified legal and factual deficiencies, or other written response to this order, this action may be dismissed involuntarily—with or with prejudice—for failure to prosecute and obey court orders.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Michellei Cephus,<br><br>Plaintiff(s),<br>v.<br>Judicial Council of California et al,<br><br>Defendant(s). | CASE NUMBER<br><br>CV 24-10959-VBF (SK)<br><br>**NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)** |

PLEASE TAKE NOTICE:

☐ The Plaintiff dismisses this entire action without prejudice.

☐ The Plaintiff dismisses these claims only: _____
_____

☐ The Plaintiff dismisses these parties only: _____
_____

The dismissal is made pursuant to F.R.Civ.P. 41(a)(1).

*NOTE: F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs. Dismissal is **WITHOUT PREJUDICE** unless the notice states otherwise.*

_____        _____
*Date*                          *Signature of Attorney/Party*

CV-09x (09/23)    NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)